UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN STERLING PETTENGILL, | ) |
| Petitioner, | ) |
| v. | ) 1:14-cv-00500-DBH |
| PENOBSCOT SUPERIOR COURT, | ) |
| Respondent | ) |

**RECOMMENDED DECISION**

On November 20, 2014, Petitioner John Sterling Pettengill filed a document with this Court entitled "PETITION FOR APPEAL under HABEAS CORPUS SECTION II Complete Cessation of Due Process." (ECF No. 1.) Upon review of Petitioner's submission, the Court was uncertain whether Petitioner intended to commence a formal action. On November 24, 2014, therefore, the Court ordered Petitioner to inform the Court in writing on or before December 15, 2014, whether he intended to proceed with a formal action and, if so, the facts that form the basis of his claim, and the relief that he seeks from the Court. (ECF No. 2.)

On December 5, 2014, Petitioner filed a document in which he asserted that he intends "to proceed with a formal action under HABEAS CORPUS Section 11, 'Complete Cessation Of Due Process'". (ECF No. 3.) In accordance with the Court's November 24, Order, on December 5, 2014, the Clerk forwarded to Petitioner a section 2254 Form and an application to proceed *in forma pauperis*.

When Petitioner did not file a section 2254 petition or an application to proceed *in forma pauperis,* on December 29, 2014, the Court ordered Petitioner to show cause in writing on or before January 12, 2015, as to why he failed to comply with the Court's order to file the proper 2254

petition and an application to proceed *in forma pauperis*. (ECF No. 4.) Through its Order of December 29, the Court informed Petitioner that should he fail to show cause, his Petition could be subject to dismissal.

As of the date of this Recommended Decision, Petitioner has failed to comply with the Court's orders, and has not otherwise communicated with the Court. Because Petitioner has failed to comply with the Court's orders, or otherwise attempt to file a proper section 2254 petition or an application to proceed *in forma pauperis*, dismissal of the Petition due to Petitioner's failure to prosecute this action is warranted.

In addition, to the extent that Petitioner attempts to request relief pursuant to 28 U.S.C. § 2254, the petition is subject to a preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2254(a), a person in custody as the result of the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has noted that "'Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . . .'" *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (quoting *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)) (quotation marks omitted).[1]

In his Petition, Petitioner does not assert that he is in state custody. To the contrary, Petitioner complains that the state court did not notify him at his Lewiston address of the cancellation of a hearing.[2] He is apparently not incarcerated, and he does not assert that he is on

---

[1] The petition need not cite to the law, but it must state facts sufficient to warrant holding an evidentiary hearing. *See David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998) (citing *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir. 1988)) ("upholding the denial of an evidentiary hearing in a section 2254 case inasmuch as petitioner 'offered only general allegations'").

[2] The Lewiston address to which Petitioner refers in the Petition is the same address that appears as the return address on the envelope in which the Petition was received by this Court.

supervised release following incarceration.[3] Petitioner, therefore, has not satisfied a necessary prerequisite to a section 2254 proceeding. Dismissal is thus appropriate.

Because Petitioner has failed to prosecute this action as explained above, and because Petitioner has not satisfied a necessary element of a section 2254 action, the recommendation is that the Court dismiss the "PETITION FOR APPEAL under HABEAS CORPUS SECTION II Complete Cessation of Due Process."

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of January, 2015.

---

[3] A petitioner who is serving a term of supervised release is "in custody" for purposes of section 2255. *See Parkin v. United States*, 565 F. App'x 149, 151 n.2 (3d Cir. 2014).